**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
|     Ruby Williams and Willie Williams, Jr., | : | |
|         Debtors. | : | Bankruptcy No. 17-10341-MDC |

# **O R D E R**

**AND NOW**, pursuant to the Supplemental Application for Compensation and Reimbursement of Expenses for Services Performed After Confirmation of Chapter 13 Plan (the "Application")[1] filed by McDowell Law, PC (the "Applicant"), counsel to Ruby Williams and Willie Williams, Jr. (the "Debtors"), the Applicant requests the allowance of supplemental compensation in the amount of $800.00 and the reimbursement of expenses in the amount $0.00 (the "Requested Supplemental Compensation").

**AND**, the Applicant filed a certification that proper service has been made on all interested parties.

**AND**, the Applicant filed a certification of no response.

**AND**, this Court entered an Order dated September 28, 2017 (the "Confirmation Order")[2] confirming the Debtors' Amended Chapter 13 Plan dated July 20, 2017 (the "Plan").[3]

**AND**, the total payment allowed to the Applicant pursuant to the confirmed Plan is to be $3,500.00. Plan, ¶4(a).

**AND**, the Debtor has not moved to modify the Plan to provide for payment of the Requested Supplemental Compensation.

**AND**, the Court of Appeals has held that the bankruptcy court "has a duty to review fee applications, notwithstanding the absence of objections by the United States Trustee . . ., creditors, or any other interested party, a duty which . . . derives from the court's inherent obligation to monitor the

---

[1] Bankr. Docket No. 38.

[2] Bankr. Docket No. 18.

[3] Bankr. Docket No. 14.

debtor's estate and to serve the public interest." *In re Busy Beaver Bldg. Centers, Inc*., 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original).

**AND**, a confirmation order precludes the relitigation of any issues that were determined by the confirmation order. *In re Szostek*, 886 F.2d 1405, 1408-09 (3d Cir. 1989); *In re McDuffie*, Bky. No. 03-65333, 2005 WL 3108234, *1 (Bankr. D. Md. Feb. 22, 2005) ("since no amendment to the plan was filed to increase the specific amount to be paid to counsel, the court cannot order payment through the plan as an administrative expense."); *In re Lasica*, 294 B.R. 718, 722 (Bankr. N.D. Ill. 2003) (denying fee request because applicant was bound by terms of previously confirmed Chapter 13 plan); *In re Young*, 285 B.R. 168, 174-75 (Bankr. D. Md. 2002) ("the confirmation of the plan, in which a specific amount of disbursement to counsel for the debtor as attorney's fees was required, acted as a final adjudication of the matters set forth in the plan.").

It is hereby **ORDERED** that the Application is **DENIED** because the Requested Supplemental Compensation exceeds the amount of compensation to which the Applicant is entitled under the terms of the confirmed Plan.

Dated: January 9, 2019

HONORABLE MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

Thomas Egner, Esquire
McDowell Law, PC
46 West Main Street
Maple Shade, NJ 08046

William C. Miller, Esquire
Chapter 13 Trustee
1234 Market Street, Suite 1813
Philadelphia, PA 19107

United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107